COALTER, Judge.
I am of opinion, that the bond in this case, was improperly rejected. Its being taken to William Fenwick surviving partner to Fenwick & Co., for a debt due *'from the obligors as partners in trade, is to be considered as merely descriptive of the persons, and the consideration on which the obligation was founded; and in order to shew, that the account of Fenwick & Co. against Wm. and Samuel Moore was thereby discharged. Suppose the bond had been given by William and Samuel Moore, sealed and signed by them both, to Wm. Fenwick, stating in the body of it, that it was in liquidation, and on account of a debt due by the obligors, as partners in trade to the late firm of Fenwick & Co. This bond would have been good evidence in support of a declaration which omitted to set out the consideration, and this description of parties, as has been decided in Peter v. Cocke, (c) which doctrine is abundantly supported in all the books, (d)
I have always understood, that the best way is, to declare according to the legal effect of the instrument, in order to avoid being entangled with objections, on account of variance. But the legal effect of this obligation, supposing it to have been executed by William for himself, and Samuel Moore, by the authority of the latter, is the same. It must pass for something or nothing: as a firm, they could not give a bond. If it is not the bond of William Moore, he ought to have pleaded non est factum; but if he executed it in the form in which it is, I presume he could not have done that, (e) Whether Samuel Moore could, or would, have pleaded non est factum, we know not; but if he had, and had succeeded, this would not have exonerated William Moore. The plaintiff had a right to take it for what it imports to be, the bond of both, and that William who sealed for both, had authority to do so; leaving it to the defendants, who had both been arrested, to make their defence. In that case, William Moore might have furnished evidence, perhaps of authority in him to charge his co-obligor, so as to prevent a judgment against himself *alone. He may have a power of attorney in his pocket, and surely ought not to be permitted to deny on the trial, and without a plea, so as to apprise the party of such defence, that he had authority to do, what he has said, under his seal, he had: but he could not plead non est factum for Samuel. But Samuel Moore is out of the case, and the appellant has not denied his own seal, consequently the bond was good evidence against him. The bond however was rejected and the plaintiff had two courses, one was to suffer a non-suit, and the other to submit to such verdict as the Jury might find, and if against him, to rely on this error. Indeed this latter was his safest course, if his action was well brought, and was supported as I suppose. But he insisted, that the Jury could find a verdict for him without the bond, the defendant not having denied the debt, but taken upon him the proof of payment. Suppose the defendant had not objected to the production of the bond, but had agreed it should be produced, and had gone on, to set up his credits, could he afterwards, on failing to do this, insist, that the plaintiff should not recover without producing the bond? Had the verdict in the case before us been for the defendant, and I am right as to the first point, we would have reversed the judgment, not for the supposed error in the second bill of exceptions, but for that in the first. If we now reverse it, it will also be in effect and substance to cure that error; and to send the cause back, in order to have the bond given in evidence; which bond, the appellant who procures this reversal, objected to; and of course, waived all benefit which he might derive from its production. The error, in this respect was one against the appellee; and but for that error, the second, if it is one, would never have existed ; and in consequence of this anomalous proceeding, and supposing I am correct as aforesaid on the first point, we are to reverse a judgment, for error against the appellee, produced by the appellant himself; so that the appellee in fact substantially *prevails, and yet a judgment which he does not object to, is to be reversed. This would be so much like permitting a man to lake advantage of his own wrong, and would result in so singular a state of things, and so strange a judgment, that I am not prepared to agree to it.
What would be ottr judgment? That the cause be remanded for a new trial, with instructions to the Judge, to admit the bond in evidence? Would we give any instructions, as to the alleged error in the second bill of exception? No; because it is impossible the point could arise on the second trial. How then is the appellant injured by it? But he was injured by it. He had a right to see the bond, and take advantage of the condition ; but if he had pleaded regularly, it would have been after taking oyer of the bond and condition, which would in that case have made them part of the declaration : and then, he could Rave pleaded non est factum, or have demurred for the variance; but if he had, after oyer, pleaded payment, could he then take advantage of the variance? I incline to think not. Before the statute, the defendant, to avail himself of the condition, must have taken oyer, and pleaded payment before the day. Since the act, he may plead payment before suit brought; but I do not understand lhat this act, changes the forms of pleading. The plea of payment is an affirmation plea, and the defendant takes the onus probandi on himself, and has a right to introduce his evidence, and to open and conclude the argument. If the plaintiff was bound to produce his evidence first, then he would have the onus probandi on him, and could open and conclude. The plea is not to the bond, it is that he has paid the debt in the declaration ; had he craved oyer and pleaded non est factum, the onus probandi would be on the plaintiff. Every plea in bar must *896 go to the whole action ; must either deny that a cause of action ever existed, as non est factum to a bond, or must confess the original cause of action, and
*avoid it by matter since, as payment; a plea by a party in court confessing and avoiding, cannot have a less effect as to the admission of the debt originally, than a judgment by default. In slander, if justification be pleaded, and the defendant fails in his proof, speaking the words need not be proved, to entitle the plaintiff to full damages. So if payment is pleaded to a bond with condition to pay a less sum; if the defendant does not crave oyer of the condition, he cannot avail himself of it on the trial; except by virtue of the statute; in which case, the court is, ex officio, if required, to enter judgment according to the condition. But he relinquishes this by objecting to the bond: he is to judge of his defence, and not the court for him.
It has been decided in an action against an acceptor of a bill of exchange, in which there was judgment by default, that where the plaintiff, on executing a writ of enquirjs produced a bill like that declared on, but there was no acceptance; an objection to it on account of this variance could not be sustained. It might have been accepted, though not in writing, and by suffering judgment to go by default, the defendant admitted the action to the amount of the bill; and it is produced only to see, whether any part had been paid. And in another case referred to in the same book, it is said, it need not be produced; for if the defendant had paid part, he might have pleaded that. Here the party has pleaded payment; the plaintiff is willing to give him the benefit of the bond but he refuses to avail himself of it.
The proper, legal evidence, if I am right on the first point, was offered; it was rejected by the defendant or at his instance, and if we reverse, this is the only error, in my opinion which we now have, in fact, to correct, and that too at his instance.
This seems to be a struggle between the parties; the one trying to obtain, the other to evade just judgment, *and as before shewn and stated, results in so strange a state of things, and in so singular a legal phenomenon, that I am disposed to let justice turn the scale and affirm the judgment. We must take the bond as single, the defendant not only having failed, in the legal way, to take advantage of the condition, but having actually refused to do so; and taking it as single, this court has heretofore decided, that the verdict and judgment ought to be, as in this case, for the sum found due. The defendant has set up his credits, or the plaintiff has admitted them, the verdict being for a less sum than that declared for. If he had made further payments, he ought to have been prepared to verify his plea as to them. He was in court for that purpose; the jury were sworn to say whether he had paid or not; and there is no reason to believe he had not a fair trial on that plea. '
ROAN®, Judge.
' The court is of opinion that as the bond described in the declaration is one from W. Moore, and S. Moore, to W. Fenwick, and is stated to have been sealed with their seals; and as the bond which is copied into therecord, is not made-a part of the declaration by oyer, or otherwise, the declaration is to be taken as setting out the first bond, and not the last, if it be materially variant therefrom: and the bond stated in the first bill of exceptions being materially variant from that described in the declaration, in purporting to be a bond given by W. Moore and S. Moore, and to be signed and sealed by W. Moore, for himself and partner; the court is of opinion, that on account of the variance it ought not to have been given in evidence in support of the declaration; and that there is no error in the opinion of the Superior court, which withheld the same from the jury. But the court is of opinion, that as in all actions of debt upon bonds for the payment of money, judgment is to be rendered for the penalty, to be discharged *by the payment of the principal money and the interest due thereon, which cannot be ascertained but by inspecting the same, to see the amount and dates of the credits indorsed thereon, the instruction of the court comprised in the-second bill of exceptions is erroneous.
The court is also of opinion, as aforesaid, that the judgment is erroneous, in being-rendered for the sum found due by the jury, instead of the penalty, to be discharged by the payment of that sum.
The judgment is therefore reversed with costs, and a new trial awarded, on which trial the said last mentioned instruction is. not to be repeated: but the appellee is to be at liberty to exhibit, if he can, a bond corresponding with that described in the declaration.

~fc)T wash. 257.

(fl) 1 Call 582; 1 Chit. 301; 4 Term. Rep. 088; 3 Blac. Hep. 1101.

(e) 4 Term. Rep. 313.